THE STATE. DEFENDANT IN ERROR, v. HARRY W. SNOOK.
PLAINTIFF IN ERROR.

Argued February 18, 1919—Decided June 4, 1919.

1. On an indictment for manslaughter, the state claimed that defendant had caused the death of two persons by reckless driving of an automobile while drunk. *Held,* that evidence showing the condition of the occupants of the car as to sobriety was admissible as tending to show the probability that the defendant himself was intoxicated and likely to be careless in his management of the car.
2. Communications between attorney and client are protected from disclosure only at the instance of the client.

On error to Mercer County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the state, *A. Dayton Oliphant* and *James Hammond.*

For the plaintiff in error, *John H. Kafes* and *Aaron V. Dawes.*

The opinion of the court was delivered by

SWAYZE. J. The defendant was convicted of manslaughter. The claim of the state was that he caused the death of two persons by reckless driving of an automobile while drunk. The prosecutor was allowed to prove the condition of the occupants of the car as to sobriety. It is said that only the condition of the defendant was relevant. We agree with the trial judge that the evidence was admissible. It made it probable that the defendant himself was intoxicated and likely to be careless in his management of the car; and it was not too remote.

The stress of the argument for the plaintiff in error was on the admissibility of the evidence of Hartman, an attorney-

at-law. One of the witnesses for the defence was Mimmick. He had been one of the party in the car. On the morning after the accident he consulted with Hartman, and it is now urged that what he said was privileged. Mimmick was interrogated about it on cross-examination and denied that he had made to Hartman statements contradictory to his testimony. Hartman was called by the state in rebuttal and permitted to testify as to contradictory statements by Mimmick.

We agree with the trial judge that Hartman was not, under the facts of the case, attorney or counsel for Mimmick; but even if he had been, the privilege was personal to Mimmick. He did not claim any privilege, and even if there was error in admitting the testimony, it is not assignable by the plaintiff in error. The rule is thus carefully stated by Judge White, speaking for the Court of Errors and Appeals in *State* v. *Loponio,* 85 *N. J. L.* 357, 360:

"Where, therefore, legal advice of any kind is sought from a duly accredited professional legal advisor in his capacity as such, the communications relevant to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself, or by the legal advisor, or by the agent of either confidentially used to transmit the communications, except the client waives the protection."

The important words for our present question are, "at his instance."

The passage quoted enlarges somewhat on the language of Professor Wigmore. *Wigm. Ev.,* § 2292, and these words are dealt with by the learned author at section 2321. He there cites Baron Parke as authority for the proposition that the party cannot appeal because the privilege is denied the witness. *Weeks* v. *Argent,* 16 *M. & W.* 817. Baron Parke relied on a decision of Lord Denman in *Marston* v. *Downes,* 1 *Ad. & E.* 31. The reasons for the rule are stated by Wigmore at section 2196, together with cases *pro* and *con.* We think it a sensible rule. It is applicable where the evidence is admitted since only the witness' rights are affected, but not applicable where the evidence is rejected, since in the latter case the party to the cause may be injured if legal evidence is improperly excluded.

No other objection was made to Hartman's evidence, and none is argued here. The judgment must, therefore, be affirmed.